UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

ALBERT F. CAIATI,                          :

          Plaintiff,                       :

                             :   **ANSWER**

                             :   Docket No. 11 CV 2791
                             :   (Marrero J) (Gorenstein M.J.)
                             :

       -against-                       :
                             :
PERKINS EASTMAN                            :
ARCHITECTS, P.C.                           :
                             :
          Defendant.                      :
_____X

      The Defendant, Perkins Eastman Architects, P.C. as and for its Answer to the Subject Complaint, sets forth the following:

      1.     Defendant neither admits nor denies the allegations of Paragraph 1 of the Subject Complaint, as they are not allegations of fact, but rather a prayer for relief.

      2 - 3.   Deny the allegations of Paragraphs 2 and 3 of the Subject Complaint.

      4 - 5.   Defendant neither admits nor denies the allegations of Paragraphs 4 and 5 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

      6.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Subject Complaint.

      7 -8.   Defendant neither admits nor denies the allegations of Paragraphs 7 and 8 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

      9.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Subject Complaint.

10. Admit a charge was filed and respectfully refer the Court to the document in question, the terms of which speak for themselves.

11-12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 11 and 12 of the Subject Complaint.

13. Defendant neither admits nor denies the allegations of Paragraph 13 of the Subject Complaint, as they are not allegations of fact, but rather a legal conclusion.

14. Denies the allegations of Paragraph 14 of the Subject Complaint except admits Plaintiff was hired by Defendant in June 2006.

15. Denies the allegations of Paragraph 15 of the Subject Complaint.

16. Denies the allegations of Paragraph 16 of the Subject Complaint, except to admit that Plaintiff was moved to a different practice group or studio.

17. Neither admits nor denies the allegations of Paragraph 17 of the Subject Complaint and instead respectfully refers the Court to the documents in question, the terms of which speak for themselves.

18-26. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 18 through 26 of the Subject Complaint.

27. Denies the allegations of Paragraph 27 of the Subject Complaint, except to admit that Plaintiff's desk was moved due to other personnel reductions of Defendant.

28. Denies the allegations of Paragraph 28 of the Subject Complaint.

29. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Subject Complaint.

30. Denies the allegations and implications of Paragraph 30 of the Subject Complaint.

31-33. Denies the allegations of Paragraphs 31 through 33 of the Subject Complaint.

34. Admits the allegations of Paragraph 34 of the Subject Complaint to the extent that references were, upon information and belief, provided and refer the Court to the documents in question, the terms of which speak for themselves.

35. Denies the allegations of Paragraph 35 of the Subject Complaint.

36. Denies the allegations and implications of Paragraph 35 of the Subject Complaint except respectfully refers the Court to the documents in question, the terms of which speak for themselves.

37-40, 42- 45, 47-49, 51-53 and 55-58.     Denies the allegations of Paragraphs 37-40, 42- 45, 47-49, 51-53 and 55-58 of the Subject Complaint.

41, 46, 50 and 54.     With respect to the allegations of Paragraphs 41, 46, 50 and 54 of the Subject Complaint, Defendant repeats and realleges all admissions and denials set forth in response to the paragraphs referenced therein as though set forth at length herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Defendant was one of hundreds of Defendant's employees Defendant was compelled to separate from employment. Plaintiff - while in his mid fifties - was a junior and unlicensed architect.

2. Whether or not Plaintiff was competent within his limited skill set, he provided less employee options than more senior and/or licensed architects.

544352-2                                3

3.      Consequently, any actions taken by Defendant in connection with Plaintiff's former employment and separation were based upon legitimate, non-discriminatory business reasons.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4.      The same person(s) on behalf of Defendant who decided to hire Plaintiff in his mid fifties, decided to separate Plaintiff while he remained in his mid-fifties.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5.      Upon information and belief, the Complaint fails to properly state, specify or allege, in whole or in part, a claim upon which relief may be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6.      The Complaint fails to allege a *prima facie* case of discrimination under the statutes mentioned in enumerated paragraph one (1) of his Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7.      The Complaint should be dismissed for inadequacy of service of process.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8.      The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

9.      Neither punitive damages nor attorney's fees are recoverable under, *inter alia,* the New York State Executive Law, § 296, *et. seq.*

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

10.     "Front Pay" is not available because reinstatement is possible.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

11.     Plaintiff is precluded from recovering damages if he has failed to mitigate his damages.

### AS AND A TENTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims must be dismissed because he has unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant or to otherwise avoid the alleged harm

### AS AND FOR AN  ELEVENTH AFFIRMATIVE DEFENSE

13.     To the extent, if at all, the claims alleged in the Plaintiff's Complaint are broader than the allegations of his Charge of Discrimination, such claims are untimely in that they were not contained in a Charge of Discrimination filed with the EEOC within 180 days after the alleged employment practice occurred, and Defendant hereby pleads such untimeliness in bar of such claims.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

14.     The Complaint should be dismissed for Plaintiff's failure to identify the alleged similarly situated younger and/or alleged non-disabled employees who were supposedly treated more favorably than him vis-à-vis his separation or any other term and condition of employment.

Dated: Mineola, New York
        May 24, 2011

Meltzer, Lippe, Goldstein & Breitstone, LLP

By
        Richard M. Howard

Attorneys for Defendant
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

544352-2                                            5